WATERMAN STONE, Executor, *vs.* THE UNION SAVINGS BANK.

Each one of several co-executors has full power of administration.

A. and B. were executors of an estate. A. made collections and squandered the receipts. Whereupon C., a debtor of the estate, agreed with B. to make no payments to A. except upon orders bearing B.'s signature. A. subsequently presented an order signed by himself as executor, and bearing a signature of B. forged by A. C. in good faith paid this order.

In an action by B. against C. to recover the balance due to the estate:

*Held,* that the payment by C. made on the order bearing A.'s genuine signature and B.'s forged signature, was valid.

ASSUMPSIT. Heard by the court, jury trial being waived.

*May* 19, 1880. DURFEE, C. J. This is an action of *assumpsit,* brought by the plaintiff as surviving executor of the last will and testament of the late Mary L. Newcomb, to recover the balance of a deposit which formerly stood in the bank to her credit or to the credit of her estate. The plaintiff was originally executor jointly with one B. S. Newcomb. Some time after their appointment, the plaintiff discovered that Newcomb was intemperate and was squandering the assets in drink. Accordingly on November 17, 1877, he notified the bank not to pay over the deposit to Newcomb without his, the plaintiff's, signature, giving the reason. The bank received the notice and impliedly assented by not expressing any dissent. Subsequently Newcomb presented his check for the larger part of the deposit. The treasurer refused to pay without the plaintiff's signature. Newcomb went away and returned, having what purported to be the plaintiff's signature to the check. The treasurer compared it with a signature which he had, and, supposing it to be genuine, paid over the money. Newcomb used it in drink, and died insolvent without accounting for it. The signature was a forgery. The plaintiff claims that the payment to Newcomb was invalid, and that he is entitled to the full amount of the deposit.

There can be no doubt that the ordinary rule is that co-exec-

utors, however numerous, have each of them complete power to administer the estate. Williams on Executors, 946 ; *Charlton* v. *Earl of Durham*, L. R. 4 Ch. App. 433 ; *Hall* v. *Carter*, 8 Ga. 388. A payment therefore to any one is equivalent to payment to all. Ordinarily, too, neither can prevent the other's receiving payment. The only ground on which the plaintiff can claim that the payment was invalid, is that Newcomb was committing a fraud upon the estate, and the bank aided its commission by paying him, when, having been warned, it was its duty to have withheld payment. The plaintiff cannot recover simply because his signature was forged, for the payment was good without his signature, unless the bank made it, as it were, in its own wrong. The burden is on the plaintiff to prove that the bank made it in its own wrong, and, in order to prove it, the plaintiff must show either that the treasurer of the bank knew of the forgery, or that he would have known of it but for his own culpable negligence. We see no reason to suppose that the treasurer either knew or suspected the forgery. We think he made the payment in good faith, being deceived. Was he culpably negligent ? This question is more dubious, but nevertheless we think it must be answered in the negative. There is no proof that the treasurer had any knowledge of Newcomb's conduct or character, except what he got from the plaintiff's notice. He had the right to presume that he was not devoid of honesty from his being allowed to retain his executorship. The signature, being designed to deceive, was presumably adapted to its purpose. The treasurer, though he examined it and compared it with a genuine signature, was imposed on. We think the evidence comes short of showing any culpable negligence on his part. There is nothing to estop the bank from taking advantage of the payment. We can give the plaintiff judgment only for the balance which will remain after crediting the payment. *Herbert* v. *Pigot*, 4 Tyrw. 285 ; *Hill* v. *Simpson*, 7 Ves. Jun. 152, 166 ; *Keane* v. *Robarts*, 4 Madd. Ch. 332, 357 ; *Whale* v. *Booth*, 4 Term Rep. 625, note a ; *Sherburne* v. *Goodwin*, 44 N. H. 271, 279 ; *Dodson* v. *Simpson*, 2 Rand. 294 ; *Ashton* v. *Atlantic Bank*, 3 Allen, 217 ; Williams on Executors, 936.

*Judgment for plaintiff for* $49.32. *No costs.*

*Rollin Mathewson & Nathan W. Littlefield*, for plaintiff.

*B. N. & S. S. Lapham*, for defendant.